# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **JERRY L. STACY** | ) |
| | ) |
| | ) Case No. 1:04CV00088 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **JO ANNE B. BARNHART**, | ) By: James P. Jones |
| **COMMISSIONER OF SOCIAL** | ) Chief United States District Judge |
| **SECURITY**, | ) |
| | ) |
| Defendant. | ) |

In this social security case, I affirm the final decision of the Commissioner.

## *I. Background.*

Jerry L. Stacy filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying his claim for a period of disability and disability insurance benefits ("DIB") under title II of the Social Security Act, 42 U.S.C.A. §§ 401-433 (West 2003 & Supp. 2005) ("Act"). This court has jurisdiction pursuant to 42 U.S.C.A. § 405(g).

My review under the Act is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the

Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence, but may be somewhat less than a preponderance." *Id.*

Stacy applied for DIB on July 2, 2002, alleging disability since October 15, 2001. His application was denied initially on January, 16, 2003, and on reconsideration on April 3, 2003. Stacy received a hearing before an administrative law judge ("ALJ") who by decision dated December 31, 2003, denied the claim. The ALJ's decision became final upon approval of the Appeals Council on May 28, 2004, after which Stacy filed suit in federal court.

The parties have briefed the issues, and the case is ripe for decision.

## *II. Facts.*

Stacy was forty-five years old at the time of the ALJ's most recent decision. He has a sixth grade education and past relevant work experience as a coal mine electrician, superintendent, and foreman. Stacy claims disability due to back pain, anxiety, and depression.

Because the ALJ offered a detailed summary of the medical record in his hearing decision (R. at 25-29), I will not resummarize the same here.

- 2 -

Case 1:04-cv-00088-JPJ-PMS   Document 17   Filed 03/22/06   Page 2 of 5   Pageid#: 62

The ALJ determined that the plaintiff's back pain and depression were severe impairments, but that he retained the residual functional capacity to perform a limited range of light and sedentary work that accommodated the plaintiff's mental limitations. (R. at 39.) Based up on the testimony of a vocational expert ("VE"), the ALJ found that the plaintiff was capable of performing jobs existing in significant numbers in the national and regional economy.

*III. Analysis*.

The plaintiff asserts that the ALJ's opinion is not supported by substantial evidence. Specifically, he argues that the ALJ erred in determining that the plaintiff is capable of work despite chronic back pain and mental impairments. I disagree.

I first find reasonable the ALJ's determination regarding the plaintiff's alleged physical impairments. There is substantial evidence in the record to support a finding that the plaintiff's back pain is not sufficiently severe to preclude him from work. The plaintiff's own report of his regular activities indicates that he is capable of driving and walking fairly long distances, fishing, and hunting ginseng. Such self-reported activities are not indicative of a severe physical impairment resulting in an inability to work, and contradict the plaintiff's own testimony regarding his

limitations. In sum, I find the ALJ's physical impairment determination to be supported by substantial evidence.

I next find reasonable the ALJ's determination regarding the plaintiff's alleged mental impairments. I find substantial evidence in the record to support the ALJ's finding that the plaintiff's alleged mental impairment is not sufficiently severe to preclude him from any work. I agree with the ALJ's conclusion that the medical record does not contain evidence to support that the plaintiff's mental difficulties have either lasted or are expected to last for twelve continuous months. I also find that the ALJ afforded the proper weight to all of the clinicians appearing in the medical record and at the hearing.

Finally, I find that the ALJ's determination regarding the plaintiff's residual functional capacity is supported by the record, as is the determination that the plaintiff is capable of performing a number of jobs in the national economy.

### *IV. Conclusion.*

For the foregoing reasons, the Commissioner's motion for summary judgment will be granted.

An appropriate final judgment will be entered.

DATED: March 22, 2006

/s/ JAMES P. JONES
Chief United States District Judge